IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CEDRIC D. WHITESIDE a/k/a )
MALCOLM WHITESIDE, )
 )
    Plaintiff, )
 )
VS. ) No. 04-1220-T/An
 )
DAVID WOOLFORK, ET AL., )
 )
    Defendants. )

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff, Cedric D. Whiteside a/k/a Malcolm Whiteside, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a motion requesting the appointment of counsel in this action brought pursuant to 42 U.S.C. § 1983.

The Court is authorized, pursuant to 28 U.S.C. § 1915(e)(1), to "request an attorney to represent any person unable to afford counsel." However, the decision whether to request an attorney to represent a person in a civil case is left to the sound discretion of the district court. See Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993) (quoting Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir. 1992)). There is no constitutional right to appointed counsel in a civil case and, as a general rule, counsel will only be appointed in exceptional circumstances. See Lavado, 992 F.2d at 605-06; Bunton v. Englemyre, 557 F. Supp. 1, 4 (E.D. Tenn. 1982); Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979).

Determining whether such exceptional circumstances exist in a particular case involves a fact-specific inquiry turning upon the merits of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. See Lavado, 992 F.2d at 606; McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir. 1985) (*per curiam*); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983). "Appointment of counsel pursuant to 28 U.S.C. § 1915[(e)(1)] is not appropriate when . . . the chances of success are extremely slim." Lavado, 992 F.2d at 606 (quoting Mars v. Hanberry, 752 F.2d 245, 256 (6th Cir. 1985)).

Plaintiff contends that exceptional circumstances are present in this case because his inmate legal assistant is being transferred to another facility. However, the Court has examined the factual allegations in the complaint and the legal issues raised, and concludes that plaintiff has not demonstrated that the issues are so complex that he cannot adequately represent himself. Therefore, the Court finds no exceptional circumstances warranting the appointment of counsel.

Accordingly, plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3 May 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 1:04-CV-01220 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Cedric D. Whiteside
N.W.C.X.
246923
Tiptonville, TN 38079

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT