IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CEDRIC D. WHITESIDE a/k/a )
MALCOLM WHITESIDE, )
 )
    Plaintiff, )
 )
VS. ) No. 04-1220-T/An
 )
DAVID WOOLFORK, ET AL., )
 )
    Defendants. )

---

ORDER DENYING MOTION TO SECURE RECALCITRANT WITNESS

---

    Plaintiff Cedric D. Whiteside, a/k/a Malcolm Whiteside, has filed a Motion for Recalcitrant Witness, requesting that the Court take action to secure the presence of an individual named Christopher Brown as a witnesss at the trial of this case. This motion is subject to denial for failure of the plaintiff to include a certificate of service showing that a copy of the motion was provided to opposing counsel. See Fed. R. Civ. P. 5. However, the motion is also without merit.

    In support of the motion, plaintiff states that Brown committed perjury throughout his deposition, which was taken on June 1, 2005. Plaintiff also states that Brown communicated his intent to make himself unavailable for service of a trial subpoena. Plaintiff speculates that since Brown was in the custody of the defendants at the Madison County Jail, he was pressured to change his story.

    In criminal cases, the Court may issue a material witness warrant in order to secure the presence of one who is evading a subpoena. 18 U.S.C. § 3144. However, that authority does not

extend to civil cases. Thus, the Court does not have the power to order Brown held until the trial of this case or require him to post bond securing his appearance at trial. If Brown is not incarcerated, the Court cannot coerce his appearance without service of a subpoena.

If Brown is already incarcerated in a correctional facility at the time of trial,[1] plaintiff may file a petition seeking a writ of habeas corpus *ad testificandum*. Any such petition must set forth the specific substance of Brown's expected testimony, and must explain the relevance of that testimony to plaintiff's claims in this case. If the Court then determined that Brown's testimony would, in fact, be relevant, the writ would be issued at the appropriate time, directing the warden of the facility to produce the witness at trial. However, if Brown is not incarcerated at the time of trial, plaintiff will have to determine whether he wishes to request service of a subpoena.[2]

The motion to secure the presence of a recalcitrant witness is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE   22 July 2005

---

[1] The Court notes that although a scheduling order has been entered, this case has not yet been set for trial.

[2] Plaintiff should note that since he is proceeding *in forma pauperis*, if the Court should grant a request for the issuance of a subpoena, he will be entitled to have it served by the U.S. Marshal. However, pursuant to Fed. R. Civ. P. 45(b), one day's attendance fee and one day's mileage must be tendered to the witness at the time the subpoena is served. 28 U.S.C. § 1821(b), (c)(2). The Marshal does not provide those fees. Plaintiff will be required to send a check or money order, made out to the witness, for the appropriate amount of fees. The witness fee for one day's attendance at trial is $40 and the current mileage rate is 40½ cents per mile for automobile travel.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 1:04-CV-01220 was distributed by fax, mail, or direct printing on July 27, 2005 to the parties listed.

---

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Cedric D. Whiteside
S.C.C.F.
246923
Clifton, TN 38425

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT