IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC D. WHITESIDE a/k/a MALCOLM WHITESIDE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | NO.   04-1220 T/An |
| DAVID WOOLFORK, Sheriff, SGT. ANNETTE MARTIN and SGT. MOZELLA GREER; | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE

Before the Court is Plaintiff's Motion to Hold Case and Scheduling Order in Abeyance filed on August 4, 2005. United States District Judge James D. Todd referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff is acting pro se in this matter and is currently incarcerated in the Wayne County Work Camp. Plaintiff filed his Motion requesting that the Court hold this case in abeyance until February 2006 when he is released from prison, and Plaintiff relies on the state court case of *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975) in his Motion. However, *Whisnant* is not controlling in this instance, and the Tennessee Supreme Court has since modified the law provided for in *Whisnant. See Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000) (holding that "we overrule *Whisnant* to the extent that it may be interpreted to guarantee incarcerated plaintiffs these absolute rights" to have civil litigation held in abeyance until the inmate is

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___9-6-05___



released from custody). Furthermore, the Court is aware of no federal statute which requires that an incarcerated person's case be held in abeyance pending the inmate's release from custody. As such, the Court should hold this case in abeyance only if the Court determines the already set deadlines should be amended.

On June 16, 2005, the Court entered a Rule 16(b) Scheduling Order establishing the deadlines for completing pre-trial matters. Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management orders and requirements." *Latonia Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). After review, the Court concludes that Plaintiff has not shown good cause. Plaintiff has not demonstrated that he will be unable to prepare and prosecute his case simply because he in incarcerated. Plaintiff is still able to serve written discovery requests on parties, and Plaintiff can correspond in writing with other persons who may have information concerning the facts of this case. Furthermore, delaying these proceedings for six months or longer will be prejudicial to Defendants. As such, for these reasons, the instant Motion is **DENIED**.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: September 02, 2005

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 33 in case 1:04-CV-01220 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Cedric D. Whiteside
Wayne Co. Work Camp
246923
P.O. Box 182
Clifton, TN 38425

Honorable James Todd
US DISTRICT COURT